## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**MANAGED SUBCONTRACTORS**
**INTERNATIONAL, INC.**                                    **PLAINTIFF**

            v.        Civil No. 04-5307

**TERRY FISHER d/b/a FISHER**
**& ASSOCIATES**                                           **DEFENDANT**

### O R D E R

Now on this 27th day of September, 2005, comes on for consideration defendant's **Motion To Dismiss**, and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1. In this diversity case removed from the Circuit Court of Benton County, Arkansas, the Arkansas plaintiff Managed Subcontractors International, Inc. ("MSI") claims that defendant Terry Fisher d/b/a Fisher & Associates ("Fisher") breached a written contract to pay for labor supplied by MSI. The Complaint alleges that $134,944.08 is due on an open balance on the "7-Story Project," $18,834.30 is due on an open balance on the "Chamberlain Lofts Project," and $736.07 is due on an open balance for "Supplies."

2. Fisher now moves to dismiss for lack of personal jurisdiction. He agrees that MSI provided labor on the two projects, but contends that only the 7-Story Project is covered by the written contract. He argues that, as to work done on the Chamberlain Project, he has insufficient contacts with the State

of Arkansas to justify this Court in exercising personal jurisdiction over him, and that, as to the 7-Story Project, it would be unfair to enforce the forum selection clause in the written contract because plaintiff has filed a materialmen's lien on the property in Iowa and the clause lacks mutuality.

3. The written contract in question is appended to the Complaint, and there is no dispute as to its authenticity. It provides, in relevant part, that it applies to Fisher's "work on the construction project known as the seven-story apartment complex located in Ames, Iowa," and "does not extend to or cover any other different work or project unless subsequently and specifically agreed to by the parties."

The written contract also contains the following forum selection clause:

> The parties agree that this contract is formed when it has been signed by both parties and received by MSI in its headquarters in Arkansas. Interpretation and application of this Agreement shall be governed by the laws of the state of Arkansas. Venue to enforce any terms of this Agreement shall be in the Circuit Court of Benton County, Arkansas, unless MSI selects a different venue or jurisdiction.

The written contract also contained a severability clause, stating that "[s]hould any provision of this Agreement be held invalid or unenforceable, the remaining portions of this Agreement shall not be affected or impaired."

4. The rules of law governing personal jurisdiction are well stated in **Burlington Industries, Inc. v. Maples Industries,**

**Inc.**, **97 F.3d 1100 (8th Cir. 1996),** as follows:

> In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. We have previously recognized that the Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process.
>
> Due process requires "minimum contacts between the non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." The defendant's conduct and connection with the forum state must be such that defendant "should reasonably anticipate being haled into court there."
>
> We have established a five-factor test - the first three factors being of primary importance - to determine the sufficiency of defendant's contacts. We must determine: (1) the nature and quantity of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. We have further elaborated on the third factor - the relationship of the cause of action to the contacts - to distinguish between specific and general jurisdiction. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's action within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

**97 F.3d at 11-2-03** (internal citations omitted).

5. The Court will first analyze the jurisdictional issue with respect to the Chamberlain Lofts Project.

Fisher submits his Affidavit to the effect that he is a citizen and resident of Iowa, and has never been to or done

-3-

business in Arkansas, his only contacts being correspondence with and payments to MSI related to the the two projects. MSI offers nothing to contradict this Affidavit.

The Court has no hesitancy in finding, on the basis of Fisher's Affidavit, that Fisher has insufficient contacts with Arkansas to justify the exercise of general jurisdiction over him.

**Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651 (8th Cir. 1982),** involved a specific personal jurisdiction issue in the context of a business relationship similar to that between MSI and Fisher, carried on entirely by telephone and correspondence. The court there held that neither entering a contract with a forum resident, nor the use of mail, telephone, rail, or banking services, would – standing alone – satisfy due process. The defendant in **Mountaire** had more state contacts than does Fisher in this case. The Court concludes, therefore, that Fisher has insufficient contacts with Arkansas to justify the exercise of special jurisdiction over him with regard to the oral contract for the Chamberlain Lofts Project.

6. The foregoing due process analysis is changed, with regard to the 7-Story Project, by the written contract and its forum selection clause, which "implies consent as to personal jurisdiction." **RMP Rentals v. Metroplex, Inc., 356 Ark. 76, 146 S.W.3d 861 (2004).**

Under Arkansas law, forum selection clauses are binding

unless it can be shown that enforcement would be unreasonable and unfair. **Servewell Plumbing, LLC v. Summit Contractors, Inc., --- Ark. ---, --- S.W.3d ---, 2005 WL 1406336 (2005).** Fisher argues that enforcement would be unreasonable and unfair because the dispute arising under the oral contract cannot be litigated in Arkansas, and thus to enforce the forum selection clause would "result in piecemeal litigation."

The Court does not find this argument persuasive. Under Arkansas law, a forum selection clause is unreasonable only if it would effectively deprive the challenging party of his day in court. **Servewell**, *id.* Splitting this case into two separate contract cases would not deprive either party of its day in court, although it would involve some duplication of expenses. Nor would it result in what is commonly understood as "piecemeal litigation," wherein a single cause of action is litigated in several stages or different fora (such as by numerous interlocutory appeals, or by arbitration of some issues and litigation of others). Here, there are two different contracts, involving different jobs. While the parties to both contracts happen to be identical, the wrongs alleged as to the two contracts are separate. There are, in reality, two separate causes of action alleged in the Complaint.

Fisher also argues that the existence of the materialmen's liens in Iowa make it unreasonable to enforce the forum selection

clause.  The Court is also not persuaded by this argument.  While it is true that such liens must be foreclosed, if at all, in the county where the subject property is located, this is not a suit to foreclose a lien.  It is a suit on a contract, a completely different cause of action.  See, e.g., **Servewell**, *id.*, noting the distinctions between an *in rem* action to foreclose a materialmen's lien, and an action sounding in contract.

Finally, Fisher argues that it would be unfair to enforce the forum selection clause because it lacks mutuality, in that MSI can select the forum, but Fisher cannot.  Fisher relies on **Tyson Foods, Inc. v. Archer**, **356 Ark. 136, 147 S.W.3d 681 (2004),** but the Court finds that case distinguishable.  In **Tyson Foods**, an agreement to arbitrate was found to lack mutuality because one party to the contract retained the right to seek a judicial remedy rather than being relegated entirely to arbitration, as was the other party.  The Court there said

> "[w]hile . . . no Arkansas case has required identical promises, it is clear from our cases discussing mutuality that one party cannot limit another party to the exclusive remedy of arbitration, while retaining the ability to pursue other judicial remedies for themselves.  We have repeatedly stated that there is no mutuality where one party uses an arbitration agreement to shield itself from litigation, while at the same time reserving its own ability to pursue relief through the court system.

**356 Ark. at 145-46**.

The Court finds the present situation to be one simply

lacking identical promises, rather than one lacking mutuality of obligation. As part of the bargain resulting in the written contract, MSI had the right to select the forum for resolution of disputes arising under the contract. It did not, however, get to select one forum for its own remedies, and a different forum for those sought by Fisher. The Court, therefore, finds no infirmity in the forum selection clause. That being the case, it further finds that it is authorized to exercise personal jurisdiction over Fisher on the 7-Story Project.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss** is **granted in part and denied in part**.

The motion is **granted** insofar as it seeks dismissal of plaintiff's claims against him relating to the Chamberlain Lofts Project.

The motion is **denied** insofar as it seeks dismissal of plaintiff's claims against him relating to the 7-Story Project.

**IT IS SO ORDERED.**

                                                 **/s/ Jimm Larry Hendren**
                                                 **JIMM LARRY HENDREN**
                                                 **UNITED STATES DISTRICT JUDGE**